In re Elaine E. HYMAN, an Alleged Incapacitated Person.

Appeal of Howard M. Hyman.

Superior Court of Pennsylvania.

Argued Sept. 25, 2002.
Filed Nov. 14, 2002.

Stewart J. Berger, Philadelphia, for appellant.

Deborah B. Miller, Philadelphia, for appellee.

Before: MCEWEN, P.J.E., TODD and MONTEMURO *, JJ.

---

* Retired Justice assigned to Superior Court.

MONTEMURO, J.

¶ 1 This is an appeal from the Order entered March 7, 2002, in the Bucks County Court of Common Pleas Orphans' Court Division, denying both Appellant's Petition for Adjudication of Incapacity and Appointment of Guardian, and his Petition to Take Discovery. We affirm.

¶ 2 On October 19, 2001, Appellant Howard Hyman filed a petition seeking to have his mother, Appellee Elaine Hyman, declared incapacitated, and a guardian appointed for her person and estate. In the petition, Appellant alleges that Appellee has become paranoid and delusional, primarily because of the influence of his sister, Rochelle Cohen, with whom Appellee lives. Appellant claims, *inter alia*, that his mother believes he is involved in organized crime and wants to kill her, and that she has discharged a number of attorneys and treating physicians because she believes that they were colluding with Appellant to her detriment.[1]

¶ 3 The Orphans' Court entered a preliminary decree and citation to show cause why the petition should not be granted. On December 26, 2001, Appellant petitioned to take discovery, in particular the depositions of Appellee and Cohen. He averred that the depositions were necessary so that he could learn the names of Appellee's doctors; the nature and extent of the Cohen's influence over Appellee; the nature and extent of any transfer of Appellee's assets to Cohen; and Appellee's mental condition. Cohen filed a response to Appellant's discovery petition challenging the necessity of the depositions, but indicated that she would have no objection to providing relevant information upon written request. *See* Response of Rochelle K. Cohen to Petition to Take Discovery

---

1. Appellant is a practicing attorney, although he did not represent himself in these proceedings.

Pursuant to Buck County Orphans' Rule 3.6(a), at ¶¶ 3A, 3D. On February 10, 2002, Appellee filed a Supplemental Response[2] to Appellant's discovery petition indicating that she had testified against Appellant in a landlord/tenant action that same month.[3] She asked the court to review the transcript from that action, which she claimed proves that she is competent and that Appellant's motive for declaring her incapacitated is to abscond with her estate.[4] Appellant filed a reply to Appellee's response, and on February 26, 2002, moved for a hearing on the petition for discovery. Appellee objected to the hearing, and requested the court deny Appellant's petition. Following a March 7, 2002, hearing, during which Appellee refuted Appellant's claims,[5] the trial court denied both petitions. This timely appeal follows.

¶ 4 Appellant raises the following three issues for our review:

Did the court below err in denying [Appellant's] Petition to Take Discovery on the ground that he failed to establish a prima facie case of incapacity?

Did the court below err in denying [Appellant's] request for the appointment of an independent party to evaluate his mother solely on the ground that the court had observed her and saw no need to appoint an independent evaluator?

Did the court below err in dismissing [Appellant's] petition on the ground that he had failed to present evidence of incapacity as required by 20 Pa.C.S. § 5518?

(Appellant's Brief at 4).

¶ 5 Appellant's issues are interrelated. Essentially, he argues that he was unable to present evidence of his mother's incapacity because the trial court refused his request to take both Appellee's and Cohen's depositions, and refused to order an independent evaluation of Appellee. Accordingly, he claims that the court "put the cart before the horse." (Appellant's Brief at 21). We disagree.

¶ 6 The procedures for having a person declared incapacitated are set forth in Chapter 55 of the Decedents, Estates, and Fiduciaries Code. *See* 20 Pa.C.S.A. § 5501 *et seq.* An "incapacitated person" is defined as

... an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that [she] is partially or totally unable to manage [her] financial resources or to meet essential requirements for [her] physical health and safety.

20 Pa.C.S.A. § 5501. Any person interested in the alleged incapacitated person's welfare may petition the court for a judi-

---

2. Although Appellee titled this document a "supplemental" response, the docket reveals no prior response from Appellee to Appellant's petition for discovery.

3. Appellant had been leasing office space at one of Appellee's commercial properties. After Appellee declined to renew the lease, Appellant refused to vacate the premises. Appellee subsequently filed a landlord/tenant action to regain possession of the property, and was successful. *See* Elaine Hyman's Opposition to Motion for Hearing and Supplement to Opposition to Motion to Take Discovery, filed 2/28/02, at Exhibit A.

4. Appellant contends that Appellee has over one million dollars in assets, including investments and commercial real estate.

5. Specifically, Appellee testified that she believes Appellant has friends involved in organized crime, that she discharged several attorneys because they were either unqualified or had represented Appellant, and that she changed doctors because she started treating at a different hospital with which her previous physicians were not associated. *See* N.T., 3/7/02, at 24, 28–33.

cial determination that the person is indeed incapacitated and for the appointment of a guardian. *Id.* at § 5511. However, a person is presumed to be mentally competent, and the burden is on the petitioner to prove incapacity by clear and convincing evidence. *In Re Myers' Estate,* 395 Pa. 459, 150 A.2d 525, 526 (1959). Our review of the trial court's determination in a competency case is based on an abuse of discretion standard, recognizing, of course, that the trial court had the opportunity to observe all of the witnesses, including, as here, the allegedly incapacitated person. *Id.* "A finding of mental incompetency is not to be sustained simply if there is any evidence of such incompetency but only where the evidence is preponderating and points unerringly to mental incompetency." *Id.* at 527. Indeed, as this Court warned,

> [a] statute of this nature places a great power in the court. The court has the power to place total control of a person's affairs in the hands of another. This great power creates the opportunity for great abuse.

*Estate of Haertsch,* 415 Pa.Super. 598, 609 A.2d 1384, 1386 (1992) (citing *Myers' Estate, supra* at 526). Under this standard, we will review the trial court's conclusion that Appellant failed to present sufficient evidence of incapacity.

¶ 7 First, Appellant argues that the trial court erred in denying his petition to take discovery. He contends that without the opportunity to depose both Appellee and Cohen, he was unable to make out a *prima facie* case of incapacity. To support his argument, Appellant cites Pa.R.C.P. 4003.1, which provides, *inter alia,* for the discovery of any relevant, non-privileged matter. His reliance, unfortunately, is misplaced.

¶ 8 Pennsylvania's Orphans' Court Rule 3.6 pertains to discovery in Orphans' Court matters:

> The local Orphans' Court, by general rule or special order, may prescribe the practice relating to depositions, discovery, production of documents and perpetuation of testimony. To the extent not provided for by such general rule or special order, the practice relating to such matters shall conform to the practice in the Trial or Civil Division of the local Court of Common Pleas.

Pa.Orp.Ct.R. 3.6. Bucks County Orphans' Court Rule 3.6A permits leave to take depositions "only upon petition upon cause shown except upon the agreement of counsel." Thus, the decision whether to permit Appellant to depose Appellee and Cohen was squarely within the discretion of the Orphans' Court judge.

¶ 9 Here, the judge denied Appellant's discovery request because he concluded that Appellant failed to set forth a *prima facie* case of incapacity. In particular, Appellant failed to satisfy the requirements of 20 Pa.C.S.A. § 5518:

> To establish incapacity, the petitioner must present testimony, in person or by deposition from individuals qualified by training and experience in evaluating individuals with incapacities of the type alleged by the petitioner, which establishes the nature and extent of the alleged incapacities and disabilities and the person's mental, emotional and physical condition, adaptive behavior and social skills. . . .

Appellant counters this argument by asserting that he was unable to present such testimony because the court denied his discovery request. Indeed, he contends that he sought to depose Appellee and Cohen "to obtain information that included the names of his Mother's physicians and other health providers and the nature and

extent of his Mother's property interests, so that he could determine whether [Cohen] had been mishandling the Mother's affairs and the extent of diagnosis and treatment of his mother's mental and physical illness." (Appellant's Brief at 19). What Appellant ignores, however, is Cohen's response that she would have been willing to provide this information pursuant to a written request, which Appellant never submitted. *See* Response of Rochelle K. Cohen to Petition to Take Discovery Pursuant to Bucks County Orphans' Rule 3.6(a), at ¶¶ 3A, 3D. Moreover, the Orphans' Court judge noted that he was unwilling to permit Appellant to attempt to prove Appellee's incapacity solely through her own testimony. Therefore, since it is Appellant's burden to provide expert testimony and prove Appellee's incapacity by clear and convincing evidence, and he utterly failed to do so, we find that the trial court did not abuse its discretion in denying Appellant's discovery petition.

■ ¶ 10 Next, Appellant argues that the trial court erred in denying his request for an independent evaluation of Appellee. Again, we disagree. Section 5511(d) provides that "[t]he court, *upon its own motion or upon petition by the alleged incapacitated person* for cause shown, shall order an independent evaluation which shall meet the requirements of section 5518 (relating to evidence of incapacity). . . ." 20 Pa.C.S.A. § 5511(d) (emphasis added). After receiving the testimony of Appellant and Appellee at the March 7, 2002, hearing, and, in particular, observing their demeanor, the trial court determined that there was no need to order an independent evaluation of Appellee. Specifically, the court found Appellee's testimony credible, and Appellant's testi-

mony incredible. This determination was clearly within the Orphans' Court's discretion. Indeed, "[w]e will not substitute our judgment for that of the lower court absent a clear abuse of discretion[.]" *Haertsch, supra* at 1385–86. An independent review of the hearing testimony reveals no reason to disturb the trial court's credibility determination. Contrary to Appellant's characterization, Appellee did not appear to be a raving lunatic on the stand. Although some of her fears may border on paranoia, she was clearly able to "receive and evaluate information effectively and communicate decisions[.]" 20 Pa.C.S.A. § 5501. Thus, we find no reason to disturb the trial court's ruling.[6]

■ ¶ 11 Finally, Appellant contends that the trial court erred in dismissing his petition because he failed to satisfy the requirements of § 5518. Appellant concedes that he failed to present expert evidence; however, he claims his failure to do so was directly related to the trial court's denial of his discovery petition. Indeed, he contends that "[u]nder these circumstances, it was literally and absolutely impossible for [him] to comply with the requirements of 20 Pa.C.S.A. § 5518 . . . [since h]e could not obtain the expert testimony of physicians whose names he had been prevented from learning." (Appellant's Brief at 24). Again, we disagree.

¶ 12 As discussed *supra*, Appellant could have obtained the names of his mother's physicians had he submitted a written request. He did not do so, and may not now assign error to the trial court for his own derelictions. Moreover, as we have already determined, the trial court properly considered the testimony of Appellee before denying Appellant's request to appoint an independent evaluator. Although

---

**6.** We note that during the hearing, the trial court asked Appellee's counsel if Appellee would agree to have the court appoint an independent evaluator. Counsel replied that Appellee would not. *See* N.T., 3/7/02, at 59.

Appellee may be influenced by her daughter to some degree, and may even display symptoms of paranoia or, at times, senility, the trial court determined that she was not incapacitated as defined by the statute, and, most importantly, found Appellant's testimony to the contrary to be incredible. A petition for adjudication of incapacity, without more, may not itself serve as a *carte blance* for a broad inquest into the allegedly incapacitated person's physical and mental health and personal finances; the potential for abuse is simply too great.

¶ 13 Finding no abuse of discretion in the present case, we affirm.

¶ 14 Order affirmed.