J-A35032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF EDWARD WALTERMAN, AN INCAPACITATED PERSON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: EDWARD WALTERMAN, | |
| Appellant | No. 498 WDA 2014 |

Appeal from the Order March 6, 2014
In the Court of Common Pleas of Washington County
Orphans' Court at No(s): 63-13-0377

BEFORE: BENDER, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 30, 2014**

Edward Walterman appeals from the orphans' court's determination that he is an incapacitated person. We affirm.

Marsha J. Adams, a Protective Service Caseworker, and The Southwestern Pennsylvania Area Agency on Aging, Inc., instituted this action seeking a declaration that Appellant was an incapacitated person. A citation was issued, Appellant was permitted to proceed *in forma pauperis*, and Neighborhood Attorneys, LLC was appointed to represent Appellant. After the matter proceeded to a hearing, the orphans' court found that Appellant was incapacitated. This appeal followed, and Appellant raises these issues on appeal: "Did the Trial Court abuse its discretion and/or err as a matter of law in adjudicating the Appellant incapacitated?" and "Was the evidence sufficient to support the Trial Court's finding that the Appellant is

incompetent and in need of guardians of his estate and person?" Appellant's brief at 3.

Appellant's contentions are argued together on appeal. He suggests that there was not sufficient evidence to sustain the orphans' court's conclusion that he is incapacitated. We employ a deferential standard when reviewing a decree entered by the orphans' court. *In re Estate of Smaling*, 80 A.3d 485 (Pa.Super. 2013). Specifically,

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*In re Estate of Fuller*, 87 A.3d 330, 333 (Pa.Super. 2014).

The definition of an incapacitated person is as follows:

> "Incapacitated person" means an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that he is partially or totally unable to manage his financial resources or to meet essential requirements for his physical health and safety.

20 Pa.C.S. § 5501. Thus, a person is incompetent if **either** he cannot manage his financial resources **or** if he cannot effectively communicate so as to meet the essential requirements for his physical health and safety. *Syno v. Syno*, 594 A.2d 307 (Pa.Super. 1991).

"[A] person is presumed to be mentally competent, and the burden is on the petitioner to prove incapacity by clear and convincing evidence. *In Re Myers' Estate*, 395 Pa. 459, 150 A.2d 525, 526 (1959). Our review of the trial court's determination in a competency case is based on an abuse of discretion standard, recognizing, of course, that the trial court had the opportunity to observe all of the witnesses, including, as here, the allegedly incapacitated person. *Id.* "A finding of mental incompetency is not to be sustained simply if there is any evidence of such incompetency but only where the evidence is preponderating and points unerringly to mental incompetency." *Id.* at 527.

*In re Hyman*, 811 A.2d 605, 608 (Pa.Super. 2002).

Appellant's brief merely recites the evidence favorable to himself. However, the orphans' court found that Appellant cannot receive and evaluate information effectively to meet the essential requirements for his own physical health and safety. This finding, contrary to Appellant's position, is amply supported by the evidence. Appellant was admitted to a nursing home after he broke his hip. He desired to return home even though his wife was incapable of meeting his physical needs.

The court found Appellant incapacitated based upon the following facts. Appellant was ninety-five years old at the time of the adjudication of incapacity. Before his admission into the nursing home, Appellant continually drove his car, even though his license was revoked due to his mental infirmity. By these consistent actions, Appellant placed himself and the public in danger. Before his placement in the nursing facility, Appellant was observed wandering around in traffic on a cold day. Appellant also routinely shoplifted for excitement and had been arrested and convicted of

that crime. Before he broke his hip and went into the nursing home, he had in-home assistance and his caregivers all expressed concern for his safety.

While at his nursing home, Appellant fell and insisted that he was fine and was not in need of treatment even though he obviously was in extreme distress in that he fractured his shoulder and orbital bone. Nursing home personnel established that Appellant was incapable of performing any activities of daily living ("ADLs") in that he has to be assisted with bathing, eating, dressing, and taking his numerous medications. A registered nurse at the nursing home reported that Appellant suffered from short-term memory loss and forgot where he was and what he needed to do next. In direct contradiction to the testimony of these people, Appellant insisted that he was capable of caring for himself as well as his wife. The court viewed this delusional testimony as further evidence that Appellant was incapacitated.

In light of the above proof, the adjudication of incapacity is supported by the record, and we affirm based upon the well-reasoned opinion of the Honorable Katherine B. Emery dated July 23, 2014.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2014