J-S41034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: MARK A. HOWARD, AN INCAPACITATED PERSON | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: SHARON L. GRAY, ESQ., FORMER COURT-APPOINTED GUARDIAN | : : : : | No. 1428 MDA 2016 |

Appeal from the Decree Entered July 28, 2016
In the Court of Common Pleas of Berks County
Orphans' Court at No(s):  83489

BEFORE:    GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED SEPTEMBER 15, 2017**

Appellant, Sharon L. Gray, Esq., former court-appointed guardian, appeals from the decree entered in the Berks County Court of Common Pleas, which suspended her guardianship of Mark A. Howard ("Mr. Howard"). We affirm.

The relevant facts and procedural history of this case are as follows. Mr. Howard suffers from a seizure disorder and various other health problems.   After a fall resulted in traumatic brain injury and cognitive deficiencies, Appellant moved into Spruce Manor Nursing & Rehabilitation Center ("Spruce Manor").   On December 16, 2013, Spruce Manor filed a petition for appointment of a guardian for Mr. Howard due to his significant cognitive defects.   The court held a hearing on the petition on January 30, 2014, and appointed Appellant as Mr. Howard's guardian on March 5, 2014. In 2015, due to his dissatisfaction with the restrictive nature of Spruce

_____

*Retired Senior Judge assigned to the Superior Court.

Manor, Appellant arranged for Mr. Howard to receive treatment at Acadia, Inc. ("Acadia"). At Acadia, Appellant receives daily treatment and therapy to help improve his cognitive deficiencies.

On June 9, 2016, Acadia filed a petition for a review of Appellant's status as Mr. Howard's guardian. In the petition, Acadia asked the court to remove Appellant as guardian because Mr. Howard's condition had improved to the point that he no longer needed a guardian. Alternatively, the petition asked the court to remove Appellant as guardian and appoint a new guardian because Appellant was not acting in Mr. Howard's best interests. The court held a hearing on July 13, 2016, where Appellant presented the testimony of Dr. Gary Chaplin, an expert in clinical psychiatry. Dr. Chaplin stated he had examined Mr. Howard for about an hour. Based on his observations, Dr. Chaplin opined that Mr. Howard remained incapacitated and still required a guardian. In response, Acadia presented the testimony Mr. Howard's cognitive rehabilitation therapist at Acadia, Margaret Hackman. Ms. Hackman testified that she works with Mr. Howard on his memory retention and language three to four times per week. Ms. Hackman stated she has witnessed a drastic improvement in Mr. Howard's cognitive abilities during his time at Acadia. She also opined that Mr. Howard could make his own decisions with respect to his finances and medical issues as long as he remained in a supportive environment like Acadia. The parties did not address or discuss at the hearing whether Appellant had been acting in Mr.

Howard's best interest.

On July 28, 2016, the court suspended Appellant's guardianship of Mr. Howard based on its determination that Mr. Howard had regained sufficient capacity. Appellant timely filed a notice of appeal on August 26, 2016. On September 6, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on September 20, 2016.

Appellant raises the following issues for our review:

> WHETHER THE ORPHANS' COURT ERRED BY ENTERING A COURT ORDER SUSPENDING MR. HOWARD'S GUARDIANSHIP?
>
> DID COUNSEL FOR ACADIA HAVE STANDING TO FILE A PETITION FOR REVIEW OF GUARDIANSHIP PROCEEDINGS?
>
> WHETHER THE ORPHANS' COURT ERRED BY FAILING TO REQUIRE A GUARDIAN TO REPRESENT MR. HOWARD AT HIS COURT APPOINTED GUARDIAN REVIEW HEARING?
>
> DID THE ORPHANS' COURT ERR BY REMOVING [APPELLANT] IN A BIFURCATED HEARING WHEN CLEAR AND CONVINCING EVIDENCE WAS ABSENT THAT MR. HOWARD COULD MANAGE HIS OWN FINANCES, AND NO TESTIMONY OR EVIDENCE OF THEFT [BY] [APPELLANT] WAS PRESENTED?

(Appellant's Brief at 3).

"Our review of the [Orphans'] court's determination in a competency case is based on an abuse of discretion standard, recognizing…the [Orphans'] court had the opportunity to observe all of the witnesses, including…the allegedly incapacitated person." **In re Hyman**, 811 A.2d 605,

608 (Pa.Super. 2002). "The Orphans' court's factual findings receive the same deference accorded factual findings of a jury, but we ensure that the decision of the court is free from legal error." *In re Estate of Rosengarten*, 871 A.2d 1249, 1253 (Pa.Super. 2005).

"Chapter 55 of the [Decedents, Estates and Fiduciaries] Code addresses treatment of incapacitated persons, including the appointment and removal of guardians." *In re Estate of Border*, 68 A.3d 946, 959 (Pa.Super. 2013), *appeal denied*, 621 Pa. 690, 77 A.3d 637 (2013). "'Incapacitated person' means an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that he is partially or totally unable to manage his financial resources or to meet essential requirements for his physical health and safety." 20 Pa.C.S.A. § 5501. "Chapter 55 must be interpreted and the courts' actions guided by a scrupulous adherence to the principles of protecting the incapacitated person by the least restrictive means possible." *In re Estate of Rosengarten, supra* at 1255.

Section 5512.2 governs guardianship review hearings as follows:

**§ 5512.2. Review hearing**

**(a) Time of hearing.**—The court may set a date for a review hearing in its order establishing the guardianship or hold a review hearing at any time it shall direct. The court shall conduct a review hearing promptly if the incapacitated person, guardian or any interested party petitions the court for a hearing for reason of a significant change in the person's capacity, a change in the need for guardianship services or the guardian's failure to perform

his duties in accordance with the law or to act in the best interest of the incapacitated person. The court may dismiss a petition for review hearing if it determines that the petition is frivolous.

**(b) Burden of proof and rights.**—The incapacitated person shall have all of the rights enumerated in this chapter. Except when the hearing is held to appoint a successor guardian, the burden of proof, by clear and convincing evidence, shall be on the party advocating continuation of guardianship or expansion of areas of incapacity.

20 Pa.C.S.A. § 5512.2. After a guardianship review hearing, the Orphans' court "may order that a person previously adjudged incapacitated is no longer incapacitated or the court may find that the incapacitated person has regained or lost capacity in certain areas in which case the court shall modify the existing guardianship order." 20 Pa.C.S.A. § 5517.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Peter W. Schmehl, we conclude Appellant's issues on appeal warrant no relief. The Orphans' court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Orphans' Court Opinion, filed December 6, 2016, at 1-3) (finding: **(1)** Appellant failed to prove by clear and convincing evidence that Mr. Howard remained incapacitated; additionally, Acadia presented ample evidence to demonstrate Mr. Howard has regained his mental capacity; specifically, Acadia established Mr. Howard is able to make his own decisions and perform daily living tasks; Acadia also demonstrated Mr. Howard has support of Acadia staff to assist with decision-making and

performance of daily living tasks if necessary; under these circumstances, court properly determined Mr. Howard has regained sufficient mental capacity and ended Appellant's guardianship; **(2)** any interested party may petition court for guardianship review hearing, based on change in capacity or guardian's failure to perform her duties; as Mr. Howard's treatment provider, Acadia is interested party; additionally, Acadia believed Mr. Howard's capacity had changed, and Appellant had failed to perform her duties; thus, Acadia had standing to file petition for guardianship review hearing; **(3)** Appellant was Mr. Howard's court-appointed guardian at time of hearing; because Appellant was present at hearing, Mr. Howard had benefit of guardian during proceedings; thus, Appellant's claim that court should have appointed additional guardian for guardianship review hearing fails;[1] **(4)** court's discharge of Appellant as guardian was based on proper determination that Mr. Howard no longer needed services of any guardian; thus, Appellant's claim that court erred when it removed her as guardian without evidence of theft from Mr. Howard's assets has no merit). Accordingly, we affirm on the basis of the Orphans' court opinion.

Decree affirmed.

---

[1] With respect to the third issue, Appellant challenges the court's failure to appoint an additional guardian to represent Mr. Howard at the guardianship review hearing. Nevertheless, this claim belongs to Mr. Howard, not to Appellant. Because Mr. Howard made no objection to how the court conducted the guardianship review hearing, we decline to address this issue further.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2017

IN RE:                                      : **IN THE COURT OF COMMON PLEAS**
MARK A. HOWARD,                             : **OF BERKS COUNTY, PENNSYLVANIA**
An incapacitated person                     : **ORPHANS' COURT DIVISION**
                                            :
                                            : **No. 83489**
                                            : **Assigned to: Peter W. Schmehl, S.J.**

**Scott Alan Mitchell, Esq., Attorney for Acadia, Inc., Petitioner/Appellee**
**Sharon Leigh Gray, Esq., Guardian of Mark A. Howard, Respondent/Appellant**

**<u>Rule 1925 Statement of Reasons to Support Order on Appeal</u>    Dated: December _6_ , 2016**

This guardianship matter began on December 16, 2013, when Spruce Manor Nursing &

Rehabilitation Center filed a petition to adjudicate Mark A. Howard ("Howard") as in

incapacitated person due to his suffering a traumatic brain injury. After hearing, on March 5,

2014, the Court entered a Final Decree adjudicating Howard partially incapacitated and

appointing Sharon Gray, Esq. ("Gray") as limited guardian of Howard's person and estate.

Gray's efforts led to Howard's receiving care, treatment, and residential services from Acadia,

Inc.

As Howard's care and treatment provider, and therefore an interested party in Howard's

life, Acadia filed a Petition for Review Hearing on June 9, 2016. After hearing, the Court

entered a Final Decree on July 28, 2016 finding Howard to have regained capacity, suspending

the order declaring Howard to be incapacitated, and removing Gray as guardian. The Decree

directed Gray to deliver all of Howard's assets and account statements to Howard or Acadia's

counsel and to file a final report. In ending the guardianship, the Court put in place protective

provisions requiring a six-month review of this matter and notice to the Court if Howard should

1

27

leave Acadia for independent living. Gray appealed, filed a Concise Statement of Errors as ordered, but did not procure a transcript of the hearing.

Gray complains the Court erred by suspending the guardianship. As the Court recalls, without the benefit of a transcript, Acadia presented evidence that treatment has been successful and that Howard has regained his mental capacity, at least sufficiently so as to make decisions and perform tasks of daily living with assistance as needed from Acadia staff. Contrary to Gray's complaint that "clear and convincing evidence was absent that Mr. Howard could manage his own finances," 20 Pa.C.S.A. § 5512.2(b) states "the burden of proof, by clear and convincing evidence, shall be on the party advocating continuation of the guardianship." Gray, not Acadia, bore the burden of showing that Howard continued to be incapacitated to such a degree as to require a guardian.

Gray also complains that Acadia did not have standing to petition for a review hearing. Section 5512.2(a) states the court shall conduct a review hearing if "any interested party petitions the court for a hearing for reason of significant change in the person's capacity, … or the guardian's failure to perform his duties." Acadia, as Howard's treatment provider, believed that a petition was appropriate on both of these grounds. As such Acadia had standing.

As for Gray's complaint that the Court did not appoint a guardian to represent Howard at the review hearing, Gray was already appointed as Howard's guardian and was present for the hearing.

Finally, Gray complains that she was removed as guardian even though there was no evidence that she committed any theft of Howard's assets. Gray was removed simply because the Court found that Howard was no longer incapacitated and no longer required the services of a guardian.

2

For the foregoing reasons, the Court respectfully suggests that its Final Decree of July 28, 2016 should be affirmed.

BY THE COURT:

_____
Peter W. Schmehl, S.J.

_____12/7/16_____, Certified
Copy of _Statement of Reasons_ issued to
Counsel of Record and/or Unrepresented
parties being (See list below)
by first class mail by Register of Wills.
Lisa A. Hartline

Distribution:     Clerk of Orphans' Court; Scott Alan Mitchell, Esq.; Sharon Leigh Gray, Esq.; Mark A. Howard

3