J-S12003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IN THE MATTER OF: ESTATE OF W.K.B. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: W.K.B. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1459 MDA 2022 |

Appeal from the Decree Entered September 16, 2022,
in the Court of Common Pleas of Cumberland County,
Orphans' Court at No(s):  21-22-0528.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: JULY 17, 2023**

W.K.B. appeals from the decree entered adjudicating her totally incapacitated as to her ability to manage her finances and partially incapacitated as to her ability to manage her person and appointing a guardian under the Probate, Estates and Fiduciaries Code.[1]  Upon review, we affirm based on the orphans' court's opinion.

The orphans' court detailed the facts and procedural history of this case in its Rule 1925(a) opinion.  Briefly, W.K.B.'s sister, Susan M. Allardice, filed a petition for adjudication of incapacity and appointment of a guardian of W.K.B.'s person and estate.  At the time of the petition, W.K.B. was 67 years

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 20 Pa.C.S.A. §§ 5501-5555 (Chapter 55, "Incapacitated Persons").

old. Allardice alleged that W.K.B. was born with Cerebral Palsy, suffered from depression and high blood pressure, and had psychotic episodes. Additionally, she claimed that W.K.B. was unable to: take her medication as prescribed, observe personal boundaries or conduct herself in a socially acceptable manner due to poor impulse control, make logical or reasonable decisions causing her to be easily swayed by others, or live on her own. Allardice further claimed that W.K.B. could not budget or manage her finances and live within her means and was susceptible to scams and financial manipulation. The orphans' court issued a citation and scheduled a hearing.

At the hearing, the orphans' court heard testimony from a neuropsychologist, the residential living administrator of W.K.B.'s current residential facility, W.K.B.'s guardian *ad litem*, and Allardice. The court also heard testimony from representatives of W.K.B's investment bank and representative payee, another sister, and W.K.B. herself. Additionally, the court received a number of exhibits from both parties. After the hearing, the orphans' court adjudicated W.K.B. incapacitated and appointed Keystone Guardianship Services as a plenary guardian of her estate and limited guardian of her person.

W.K.B. filed this timely appeal. W.K.B. and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, W.K.B. raises a single issue for our review:

> Did the orphans' court err in adjudicating W.K.B. as an incapacitated person and appointing a guardian on her behalf where W.K.B. was competent to arrange her own support system

for the wellbeing of her person and estate, had arranged her own support system, and said support system was an appropriate and less restrictive alternative than the appointment of a guardian?

W.K.B.'s Brief at 11.

On appeal, W.K.B. argues that the orphans' court erred in adjudicating her as an incapacitated person and appointing a guardian. Specifically, W.K.B. argues that she was competent to arrange her own support system for her person and estate, which she had been doing. According to W.K.B., there were no real problems with her support system, but instead, the court speculated at to issues that could arise. W.K.B. maintains that her support system worked fine and was a less restrictive alternative than appointing a guardian. W.K.B.'s Brief at 22, 24-25.

Our standard of review is well-settled in cases involving an orphans' court decision. ***In re Estate of Cherwinski***, 856 A.2d 165, 167 (Pa. Super. 2004). "The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support." ***In re Jackson***, 174 A.3d 14, 23 (Pa. Super. 2017) (citation omitted). "This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony." ***Id.*** (citation omitted). This Court's "task is to ensure that the record is free from legal error and to determine if the [o]rphans' [c]ourt's findings are supported by competent and adequate

- 3 -

evidence and are not predicated upon capricious disbelief of competent and credible evidence." *Id.* (citation omitted)

Consequently, "[o]ur review of the trial court's determination in a competency case is based on an abuse of discretion standard, recognizing, of course, that the trial court had the opportunity to observe all of the witnesses, including, as here, the alleged[] incapacitated person." *In re Hyman*, 811 A.2d 605, 608 (Pa. Super. 2002). "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." *Harman ex rel. Harman v. Borah*, 756 A.2d 1116, 1123 (Pa. 2000). Notably, for an appellant to establish an abuse of discretion, it "is not sufficient to persuade the appellate court that it might have reached a different conclusion under the same factual situation." *Fancsali v. Univ. Health Ctr. of Pittsburgh*, 761 A.2d 1159, 1162 (Pa. 2000).

Here, the orphans' court addressed the arguments W.K.B. made on appeal with reference to the relevant evidence. The court's Rule 1925(a) opinion thoroughly set forth the reasons for its decision.

Upon review, we discern no legal errors in the orphans' court's analysis. Further, we find no abuse of discretion. The courts factual findings and credibility determinations are fully supported by the record. Contrary to W.K.B.'s request on appeal, we cannot re-evaluate the evidence presented to the orphans' court and substitute our judgment for that of the orphans' court.

As such, we adopt the orphans' court's opinion as our own in affirming the decree adjudicating W.K.B. incapacitated and appointing Keystone Guardian Services as her guardian. *See* Orphans' Court's Opinion, 12/6/22, at 3-11, 13 (setting forth the court's factual basis for its decision and finding that there was clear and convincing evidence to adjudicate W.K.B incapacitated and appoint a plenary guardian of her estate and limited guardian of her person); at 13-14 (explaining that the testimony of the expert and professionals was credible and demonstrated that WKB has medical issues and numerous cognitive difficulties, some of which are severe, that affect her ability to make good choices as to her person and finances such as taking medication as required, driving against medical advice thereby endangering herself and others, making large and frivolous purchases and spending beyond her means, switching medical providers or POAs when they do not align with her opinion, or failing to recognize her need for more support and services than are available with her current residential setting); at 14 (explaining that W.K.B.'s current financial assistance did not negate the court's finding of total incapacitation regarding her finances as she made poor financial decisions nonetheless); at 14 (explaining that WKB's ability to manage her daily living activities and basic hygienic needs warranted a finding of partial incapacity regarding her person); at 14 (explaining that a less restrictive measure would

be to appoint family member as W.K.B.'s guardian but none was available or able to act in W.K.B.'s best interest).[2]

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2023

---

[2] The parties are directed to attach the orphans' court's December 6, 2022, opinion to this memorandum in any future appeal.