J-S15032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARY JO LESNIAKOWSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD LESNIAKOWSKI | : | |
| | : | |
| Appellant | : | No. 1109 WDA 2024 |

Appeal from the Decree Entered July 30, 2024
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD 22-537-005

BEFORE:   OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED: AUGUST 19, 2025**

Todd Lesniakowski (Husband) appeals from the decree granting the petition for divorce of Mary Jo Lesniakowski (Wife).  Husband challenges the court's failure to find him incompetent and appoint for him a guardian *ad litem* (GAL) due to his incompetence.  Husband further contests the court's decisions to bifurcate the divorce and economic claims in this case, to find grounds for divorce, and to order Husband to pay costs and fees for the appointment of a master.  After careful review, we affirm.

The relevant facts of this case are as follows.  Wife and Husband were married on June 8, 1996.  On March 28, 2022, Wife filed a petition for protection from abuse (PFA).  **See** 23 Pa.C.S. §§ 6101-6122.  On April 4, 2022, the trial court entered a three-year final PFA order.

---

[*] Retired Senior Judge assigned to the Superior Court.

Wife filed a complaint in divorce on April 14, 2022, raising no economic claims. On May 11, 2023, Husband filed a counseled petition for special relief to set aside service of the divorce complaint and stay the proceedings because Husband was served while he was involuntarily committed to an inpatient mental health facility. Husband's counseled petition for relief questioned Husband's competence to participate in the proceedings. On May 18, 2023, the trial court granted Husband's request to stay the proceedings for three months for Husband's counsel to arrange for and complete an independent medical evaluation (IME) to determine Husband's capacity to understand the proceedings.

To complete the IME, James Petrick, Ph.D., of Clinical Neuropsychology Consultation and Rehabilitation, evaluated Husband and concluded that Husband "does not have any significant cognitive deficit." Evaluation of James Petrick, 9/8/23, at 5. The IME report was submitted to the court by Husband's counsel.

On January 30, 2024, the trial court issued an order approving grounds for divorce under Section 3301(d)(1)(ii) of the Divorce Code. *See* 23 Pa.C.S. § 3301(d)(1)(ii). Husband has vigorously[1] contested the approval of a divorce

---

[1] Husband has explained that he "does not want to be divorced from Wife; it has nothing to with money, just his love for her." Husband's Answer to Motion to Bifurcate Divorce, 6/13/24, at ¶ 23. Wife explains her assessment that:

> if Husband is found competent, he will argue that he was not actually living separate and apart from Wife; if Husband is found

*(Footnote Continued Next Page)*

throughout these proceedings and filed a motion for reconsideration of the trial court's January 30, 2024 order, again raising the issue of his competence. The trial court denied Husband's motion for reconsideration on February 20, 2024.

On June 5, 2024, Wife filed a motion to bifurcate the parties' divorce and economic claims, as raised by Husband.[2]  On June 10, 2024, Husband filed his answer to Wife's motion and again raised the issue of his competence. On June 12, 2024, the trial court issued an order bifurcating the proceedings.

On July 30, 2024, the trial court entered the now appealed-from divorce decree.[3]  Husband has timely appealed, and he and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Husband raises the following issues for our review:

1. Did the trial court err in finding [Husband] competent to assist in his defense[?]

---

to have been living separate and apart from Wife, he will argue that he can still reconcile the marriage; if the marriage is deemed irretrievably broken, he will argue that he still has love for Wife.

Appellee's Brief, at 18-19 (quotation marks and unnecessary capitalization omitted).

[2] In her brief to this Court, Wife states that, in any event, there are "little to no" assets to divide between the parties.  Appellee's Brief, at 17-18.

[3] An order granting a bifurcation petition is interlocutory; however, once the court has entered a divorce decree, the bifurcation order is immediately appealable. **See Savage v. Savage**, 736 A.2d 633, 643-44 (Pa. Super. 1999); **see also Curran v. Curran**, 667 A.2d 1155, 1157 (Pa. Super. 1995).

2. Did the trial court err in failing to find that [Husband] was in need of a [GAL?]

3. Did the trial court err in failing to appoint a [GAL] for [Husband?]

4. Did the trial court err in finding that grounds for a divorce had been established[?]

5. Did the trial court err in granting a bifurcated divorce decree[?]

6. Did the trial court err in ordering [Husband] to pay [] for the appointment of a master[?]

Appellant's Brief, at 9 (trial court determinations omitted).

We address Husband's first three issues together. Although somewhat convoluted, in essence, Husband proposes that the trial court judge should be required to conduct an inquiry, if, during a party's testimony, the court finds that person's capacity is questionable. *See* Appellant's Brief, at 23. Husband notes the court did, in fact, question his behavior during the PFA hearing, acknowledging Husband's "strange and threatening behavior towards Wife" during that hearing. *Id.* at 20 (quoting Trial Court Opinion, 8/8/24, at 5 (acknowledging trial court "did encourage Husband to seek assistance with his mental health issues at the PFA [h]earing, based on his strange and threatening behavior toward Wife[, b]ut there was no finding or inquiry as to Husband's competency to testify on his own behalf or represent himself.")) (record citation omitted). Further, Husband complains that, here, the trial judge erroneously implied that since Husband did not raise the issue about his mental competence at that PFA hearing—the only hearing at which he testified—he was at fault for not questioning his mental competence. *See id.* at 23-24. Moreover, Husband takes issue with the language of the IME report

relied upon by the trial court in concluding Husband was competent: (1) insofar as the IME report stated Husband lacks "any significant cognitive defect," to which Husband posits refers to his lack of blindness and deafness, and does not address his competence; (2) insofar as the IME report states that "personality testing indicated [an] underlying psychosis[,] and [Husband] is confused [] why he [] experienc[ed] these situations. [. . .] Diagnostically, there is a suggestion of at least an acute psychotic reaction"; and (3) because the report includes explicit discussion of "paranoid schizophrenia" and "bipolar spectrum disorder." *Id.* at 24 (record citations omitted). Husband concludes that the trial court's failure to deem him incompetent and appoint a GAL pursuant to Pennsylvania Rule of Civil Procedure 2056 is reversible error. We disagree.

Our Supreme Court has explained our longstanding standard of review that "[t]he discretion of a court in the appointment or non-appointment of a guardian will not be disturbed on appeal in the absence of an abuse of discretion or an error of law." *Morrissey Estate*, 269 A.2d 662, 666 (Pa. 1970). "Absent an abuse of discretion, the trial court's findings of fact, if supported by credible evidence of record, are binding upon a reviewing court." *Teodorski v. Teodorski*, 857 A.2d. 194, 197 (Pa. Super. 2004) (citation and quotation marks omitted). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion[,] the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will, as shown by the evidence or

the record, discretion is abused." ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1090 (Pa. 2017).

> Because the [trial c]ourt sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

***In re Estate of J.L.C.***, 321 A.3d 999, 1003 (Pa. Super. 2024) (citing ***In re Estate of Schwartz***, 275 A.3d 1032, 1033-34 (Pa. Super. 2022)).

Importantly, parties are presumed to be competent under Pennsylvania law. ***See, e.g.***, ***Berry v. Berry***, 197 A.3d 788, 795 (Pa. Super. 2018) (court only required to investigate party's competence when issue sufficiently raised); ***see also In re Hyman***, 811 A.2d 605, 608 (Pa. Super. 2022) ("a person is presumed to be mentally competent, and the burden is on the petitioner to prove incapacity by clear and convincing evidence"). In ***Berry***, this Court *sua sponte* considered the parties' competence to bring and defend the divorce action where the parties' daughter sufficiently raised the issue before the trial court. In that case, this Court remanded for the trial court to determine the parties' competence on the record prior to adjudicating their rights. ***See Berry***, 197 A.3d at 802 ("Upon each allegation that one of these parties was not competent to proceed, the trial court should have continued the proceedings to immediately resolve that question."). In relying on Rule 2056, the ***Berry*** court clarified that

[t]he rule ensures that incapacitated parties are represented and safeguarded throughout the proceeding. In divorce proceedings, we have applied this rule to mean that an allegedly incompetent [party] must be appointed a guardian or [GAL] and must be "capable of exercising reasonable judgment as to personal decisions [and] understands the nature of the action[.]"

*Id.* at 803-04.

After our review, we discern neither an abuse of discretion nor an error of law, and we find that the record supports the trial court's determination. Indeed, the trial court strictly followed the dictates of *Berry*, since the court properly and promptly delayed the proceedings for preparation of an IME report based on counsel's request. Once completed, the written IME report was provided to the court and made a part of the record in this case, thereby creating ***sufficient evidentiary record support that Husband was competent*** to defend Wife's divorce action, which report the trial court relied upon in finding Husband competent. ***See*** Evaluation of James Petrick, 9/8/23, at 5 (Husband "does not have any significant cognitive deficit"); ***see also Teodorski***, 857 A.2d. at 197 (findings of fact reviewed for abuse of discretion).

Indeed, once the IME report was delivered to the court establishing Husband's competence to proceed, Husband thereafter never provided ***new and unconsidered evidence***, that he was not competent to proceed, *i.e.*, Husband failed to identify new evidence that he was not capable of exercising reasonable judgment as to personal decisions and could not understand the nature of the action. ***See Berry***, 197 A.3d at 802. Without new evidence of incompetence, Husband was presumed competent. ***See id.*** at 795 (court only

required to investigate party's competence when issue sufficiently raised); **Hyman**, 811 A.2d at 608. To the extent that Husband claims that the IME report failed to address his competence and only addressed his perceptive capabilities, we find that it was not an abuse of discretion or error of law for the court to rely on that terminology within the IME report that concludes Husband lacks "**any** significant cognitive defect." Evaluation of James Petrick, 9/8/23, at 5 (emphasis added). Accordingly, we are satisfied that the court did not err in failing to find Husband incompetent and failing to appoint Husband a GAL. Thus, Husband is not entitled to relief on his first three issues on appeal.

In his fourth issue on appeal, Husband claims that the court erred in finding grounds for divorce. In making his meandering argument, Husband largely rehashes his incompetence claims and then attempts to distinguish his case from **Teodorski**, where we found sufficient grounds for divorce relying on the provision in Section 3301(d) and where the PFA brought about the separation of the married couple. In his brief, Husband claims that the facts of **Teodorski** make that case legally distinguishable from the case at bar insofar as the **Teodorski** PFA order was based on the husband's actual abuse of the wife in that case, whereas, here, Husband's PFA order was based on his mental health issues. **See** Appellant's Brief, at 28-29.

"Our standard of review in divorce actions is well settled. It is the responsibility of this [C]ourt to make a *de novo* evaluation of the record of the proceedings and to decide independently of the [trial] court whether a legal

cause of action in divorce exists." ***Rich v. Acrivos***, 815 A.2d 1106, 1107 (Pa. Super. 2003) (citation and quotation marks omitted; reformatted).

Grounds for divorce are set forth in Section 3301 of the Divorce Code. ***See*** 23 Pa.C.S. § 3301; ***see also*** 23 Pa.C.S. § 3103 (setting forth definitions for, *inter alia*, "grounds for divorce"). Here, the trial court granted grounds for divorce based on its determination there was an irretrievable breakdown, and the parties had lived separate and apart for greater than a year, as required under Section 3301(d)(1)(ii). ***See*** 23 Pa.C.S. § 3301(d)(1)(ii) (court may grant divorce where complaint alleges marriage is "irretrievably broken" and filed affidavit says same and alleges parties have "lived separate and apart for at least one year" and where defendant denies at least one allegation in affidavit but, after notice and hearing, court determines parties have lived separate and apart for at least one year and that marriage is irretrievably broken).

Section 3103 defines "irretrievable breakdown" as an "[e]strangement due to marital difficulties with no reasonable prospect of reconciliation." 23 Pa.C.S. § 3103. That section further defines "separate and apart" as the "[c]essation of cohabitation, whether living in the same residence or not. In the event a complaint in divorce is filed and served, it shall be presumed that the parties commenced to live separate and apart not later than the date that the complaint was served." ***Id.***

Instantly, in finding Wife established grounds for divorce, the trial court reasoned as follows:

> [i]n her legal filings, Wife indicates in no uncertain terms that there is an irretrievable breakdown: "In this case, there are not enough words in the English language to articulate to Husband that THERE IS NO PROSPECT OF RECONCILIATION." (Wife's Answer to Husband's Emergency Motion for Reconsideration[, 3/11/24,] at ¶ 34) (emphasis in original). Furthermore, the parties have been separated since the end of March of 2022, which is well over one year ago. Although Husband may still love wife, this [feeling] does not entitle him to trap Wife in a marriage that she does not want to be in.

Trial Court Opinion, 8/8/24, at 8.

After our review, we conclude that Wife established clear grounds for divorce. Wife affirmed as plainly as could be stated that there existed an estrangement between her and Husband which had no reasonable prospect of reconciliation, and she filed the necessary supporting affidavit. *See* 23 Pa.C.S. § 3103. Further, we conclude that *Teodorski* squarely applies to this case and find no reason to distinguish it on Husband's proposed theory of a lack of physical abuse. Indeed, we conclude that under the circumstances of this case, the date of the issuance of the PFA order may be considered determinative of the date of final separation in the divorce where Wife demonstrated the required "independent intent on the part of one of the parties to dissolve the marital union [. . ., which] must be clearly manifested and communicated to the other spouse." *Teodorski*, 857 A.2d. at 199. We find record support for this conclusion insofar as: (1) Wife told Husband she wanted a divorce as early as March 2022 (as reflected in Wife's PFA petition); (2) Wife filed for divorce merely ten days after issuance of the PFA order; and (3) Wife has continuously raised consistent arguments in her filings

throughout the entire life of this divorce case. To the extent that we observe that the trial court calculated the date of the parties' final separation to be at the end of March 2022, rather than in April 2022, we find that discrepancy is immaterial because both dates are well beyond one year from when the trial court issued the order granting divorce, in January 2024. In the end, we are compelled to observe that Husband's love for Wife is not enough to overcome Wife's right to be divorced in this case. **See Rich**, 815 A.2d at 1109 ("As difficult as it may be, [Husband] needs to accept the fact that his marriage ended in divorce, stop his relentless pursuit of his ex-wife and move forward with his life."). Accordingly, Husband is not entitled to relief on his fourth issue on appeal.

Husband's fifth and sixth issues on appeal are both waived for failure to properly raise them in the trial court. **See** Pa.R.A.P. 302(a) (issues cannot be raised for first time on appeal). Further, "[t]he fact that Husband raised these claims in his Rule 1925(b) Concise Statement does not preserve them on appeal." **Zehner v. Zehner**, 195 A.3d 574, 582 (Pa. Super. 2018) (citing **Beemac Trucking, LLC v. CNG Concepts, LLC**, 134 A.3d 1055, 1058 (Pa. Super. 2016). Moreover, Husband's brief violates our appellate rules as it relates to these claims—thereby inhibiting meaningful review—because Husband's brief does not include a statement of place of raising or preservation of issues in connection with either of these claims. **See** Pa.R.A.P. 2117(c); Pa.R.A.P. 2119(e); **see also Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008) ("it is the appellant's obligation to demonstrate

which appellate issues were preserved for review"); ***Lackner v. Glosser***, 892 A.2d 21, 29 (Pa. Super. 2006) ("Appellate arguments which fail to adhere to [the Pennsylvania Rules of Appellate Procedure] may be considered waived[.]").

Accordingly, Husband is not entitled to relief on any of his issues.

Decree affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/19/2025