J-A26018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF JOSEPH D. KOWALSKI, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: DAVID J. KOWALSKI | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 127 WDA 2024 |

Appeal from the Order Entered December 28, 2023
In the Court of Common Pleas of Butler County Orphans' Court at No(s):
311 of 2023

BEFORE:  BOWES, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                    **FILED:  February 4, 2025**

David J. Kowalski ("Kowalski") appeals from the order entered by the Butler County Court of Common Pleas ("orphans' court") removing Kowalski as the administrator of the estate of his son, Joseph D. Kowalski ("Decedent"), declaring null and void the agreement between Kowalski and Decedent's estranged wife, Ashley Kowalski ("Ms. Kowalski") regarding the sale of the marital property of Decedent and Ms. Kowalski, and directing Kowalski to file his first and final accounting of Decedent's estate.  On appeal, Kowalski challenges each of these grants of relief provided to Ms. Kowalski in the orphans' court order.  Because we conclude that the orphans' court erred in declaring the agreement regarding the sale of the marital property null and void, we affirm in part and vacate in part the orphans' court order.

On February 19, 2023, Decedent died intestate by apparent suicide. Decedent was survived by Ms. Kowalski and by two adult sons from a previous marriage. Of relevance to this appeal, Decedent and Ms. Kowalski co-owned their martial residence located in Evans City, Pennsylvania ("the Property"). The day after his death, Kowalski informed Ms. Kowalski that she needed to go to a notary to sign a form so that Decedent's body could be cremated. When she arrived at the notary to sign the cremation form, Ms. Kowalski also received and signed a form renouncing her right to administer Decedent's estate.

On February 23, 2023, Kowalski and Ms. Kowalski entered into an agreement ("Property Agreement"). The Property Agreement stated that Ms. Kowalski would sell the Property, reimburse Kowalski for renovation costs, and gift fifty percent of the net proceeds from the sale to Decedent's two adult sons.

On March 20, 2023, Kowalski was appointed as the administrator of Decedent's estate. Ms. Kowalski subsequently notified Kowalski that she did not wish to sell the Property. Consequently, on October 17, 2023, Kowalski instituted a civil action in the Butler County Court of Common Pleas, Civil Division, against Ms. Kowalski relating to the Property Agreement and filed a lis pendens against the Property.

On November 29, 2023, in the instant matter, Ms. Kowalski filed a "Petition for Citation to Show Cause Why The Administrator Should Not Be

Removed And Why The Petitioner's Renunciation Should Not Be Invalidated Due To Fraud and Undue Influence" ("Petition for Removal"). Ms. Kowalski alleged that Kowalski obtained the renunciation of her right to serve as administrator of Decedent's estate through threats, fraud, and undue influence all while she suffered weakened intellect and trauma resulting from Decedent's death. *See* Petition for Removal, 11/29/2023, ¶¶ 14-38. Ms. Kowalski also indicated that "[t]hrough a subsequent motion, [she would] seek to invalidate [the Property Agreement] due to unconscionability and undue influence." *Id.* ¶ 38. The orphans' court subsequently issued a rule to show cause as to why Kowalski should not be removed as administrator of Decedent's estate and made the rule returnable on December 26, 2023. *See* Orphans' Court Order, 11/30/2023. By the same order, the orphans' court also scheduled a status conference on the Petition for Removal for December 26, 2023. *See id.* On December 22, 2023, Kowalski filed preliminary objections to Ms. Kowalski's Petition for Removal. *See* Preliminary Objections to Petition for Removal, 12/22/2023.

On December 26, 2023, the same date as the status conference on the Petition for Removal, Ms. Kowalski filed and served on Kowalski a "Motion To Restrain The Sale And Distribution Of Assets" ("Motion to Restrain Sale") and a "Petition for Rule to Show Cause Why Administrator Should Not File An Account" ("Petition for Accounting"). The Motion to Restrain Sale, inter alia, sought to "restrain" Kowalski from enforcing the sale of the Property and the

Petition for Accounting sought to compel Kowalski to file an accounting of Decedent's estate. Motion to Restrain Sale, 12/26/2023, ¶ 20; Petition for Accounting, 12/26/2023, ¶ 13. Later that day, during the status conference on the Petition for Removal, Ms. Kowalski informed the orphans' court that she was seeking, at that time, a scheduling order for discovery. N.T., 12/26/2023, at 5. On December 28, 2023, despite Kowalski's request at the status conference for an opportunity to present evidence and argument on Ms. Kowalski's Petition for Removal, Motion to Restrain Sale, and Petition for Accounting, the orphans' court entered an order granting all the relief that Ms. Kowalski had requested in her three filings. Specifically, the order removed Kowalski as administrator of Decedent's estate and appointed Elizabeth A. Gribik, Esquire as Administratrix, declared the Property Agreement null and void, and directed Kowalski to file a first and final accounting as administrator of Decedent's estate. *See* Orphans' Court Order, 12/28/2023. That same day, the orphans' court issued three individual orders finding Kowalski's preliminary objections, Ms. Kowalski's Motion to Restrain Sale, and Ms. Kowalski's Petition for Accounting, moot.

On January 8, 2024, Kowalski filed a motion for reconsideration of the orphans' court's December 28, 2023 order, which the orphans' court denied

following a hearing on January 16, 2024. Kowalski timely appealed to this Court.[1] He presents the following issues for review:

> A. Whether the [orphans'] court had the authority or power to declare null and void the [Property] Agreement between [Kowalski] and [Ms. Kowalski] as part of the relief granted on [Ms. Kowalski]'s Petition for Removal (i) where said petition expressly stated that it was not seeking such relief thereunder; (ii) where [Ms. Kowalski]'s Motion to Restrain Sale that sought such relief was defective under Butler County Local Rules L208.3(a)(5) and (6)(a) and could not be acted upon; and (iii) where the [orphans'] court precluded [Kowalski] from filing an answer to said Petition for Removal under Pa.R.O.C.P. 3.9(e)(1) by rendering [Kowalski]'s preliminary objections moot instead of overruling them and then ruled on said petition without allowing [Kowalski] to file an answer, present oral argument and without an evidentiary hearing?

> B. Whether the [orphans'] court erred in declaring the [Property] Agreement null and void, which had the effect of rendering judgment in a related pending civil action commenced by [Kowalski], for which a lis pendens was indexed against the [] Property, the subject of said [Property] Agreement, and of which civil action the [orphans'] court was aware?

Kowalski's Brief at 5-6 (unnecessary capitalization omitted).

Our standard of review from an order or decree of an orphans' court is as follows:

> When an appellant challenges a decree entered by the orphans' court, our standard of review requires that we be deferential to the findings of the orphans' court.

> We must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the orphans' court sits as the fact[]finder, it determines the credibility of the witnesses and, on review, we will

---

[1] The order from which Kowalski appeals is appealable as of right. ***See*** Pa.R.A.P. 342(a)(5), (6).

not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

***Estate of J.L.C.***, 321 A.3d 999, 1003 (Pa. Super. 2024) (brackets omitted).

In his first issue, Kowalski raises several allegations of error regarding the orphans' court's December 28, 2023 order. ***See*** Kowalski's Brief at 24-42. Kowalski frames this issue within the context of Due Process Clause of the Fourteenth Amendment to the United States Constitution.[2] ***See id.*** Kowalski asserts that the orphans' court, in issuing its December 28, 2023 order, failed to adhere to the Pennsylvania Orphans' Court Rules, the Pennsylvania Rules of Civil Procedure, and the Butler County Local Rules relating to motions procedure, and consequently, denied him the opportunity to defend against Ms. Kowalski's Petition for Removal, Motion to Restrain Sale, and Petition for Accounting. ***See*** Kowalski's Brief at 24-42.

---

[2] The Fourteenth Amendment to the United States Constitution provides, in pertinent part, as follows:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, § 1. As our Supreme Court has explained, generally, "[t]he central demands of due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner." ***Bundy v. Wetzel***, 184 A.3d 551, 557 (Pa. 2018).

- 6 -

More specifically, Kowalski asserts that the orphans' court violated Pennsylvania Orphans' Court Rules 3.6. and 3.9 in failing to rule on his preliminary objections to Ms. Kowalski's Petition for Removal and afford him the opportunity to file an answer to the Petition for Removal had the orphans' court overruled his preliminary objections. *See* Kowalski's Brief at 24-27, 31-32, 34. Kowalski also argues that the orphans' court erred in granting Ms. Kowalski the relief she requested in her Motion to Restrain Sale and her Petition for Accounting in the December 28, 2023 order because it did so on the same day that she filed and served the motions, which Kowalski contends deprived him of the opportunity to file responsive pleadings pursuant to Rule 3.6. *See id.* at 27-30.

Prior to addressing the merits of these contentions, we must determine whether Kowalski has preserved each of these claims for our review. It is well settled that any issue that an appellant fails to raise in a Rule 1925(b) statement is waived for purposes of appellate review. *In re Est. of Simpson*, 305 A.3d 176, 185 (Pa. Super. 2023); *see also* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Our review of Kowalski's Rule 1925(b) statement reveals he did not raise any claim relating to the orphans' court's failure to rule on his preliminary objections, its decision to remove him as administrator of Decedent's estate, or its decision to direct him to file an accounting of the estate. *See* Pa.R.A.P.

1925(b) Statement, 2/14/2024.[3]  As Kowalski did not preserve any of these claims in his Rule 1925(b) statement, he has waived them for purposes of appellate review.  **See Simpson**, 305 A.3d at 185; **see also** Pa.R.A.P. 1925(b)(4)(vii).  The only claim that he currently presents on appeal preserved in Kowalski's Rule 1925(b) statement is the orphans' court's alleged error in declaring the Property Agreement null and void in its December 28, 2023 order, i.e., granting Ms. Kowalski the relief she requested in her Motion to Restrain Sale, on the basis that he did not receive proper notice or the opportunity to respond to the motion.  **See** Pa.R.A.P. 1925(b) Statement, 2/14/2024.  Accordingly, we now address the merits of this claim.

_____

[3]  Kowalski's Rule 1925(b) statement raises the following issues:

> A.    "The [orphans' court] did not have authority or power to declare null and void the [Property] Agreement entered into between [Kowalski] and [Ms. Kowalski].

> \*    \*    \*

> B.    In ordering the [Property] Agreement null and void, the [orphans' court] erroneously rendered a judgment in the case docketed at David J. Kowalski v. Ashley A. Kowalski, AD-2023-10873, putting [Kowalski] out of court with no pleadings filed or any evidence of record.

Pa.R.A.P. 1925(b) Statement, 2/14/2024, at 2-3.  Although Kowalski's Rule 1925(b) statement is over three pages in length, the remaining text simply elaborates on the above claims and raises no additional arguments or issues other than the orphans' court's decision to declare the Property Agreement null and void.  **See id.**

The orphans' court determined it had the authority to declare the Property Agreement null and void in its December 28, 2023 order on the basis that Ms. Kowalski had sufficiently raised the issue in her Petition for Removal. Orphans' Court Opinion, 3/21/2024, at 7-8. The orphans' court further explained that it voided the Property Agreement because Ms. Kowalski's allegations of undue influence by Kowalski rendered the agreement per se unconscionable. *Id.* at 8.

Kowalski argues that the orphans' court erred in granting Ms. Kowalski the relief she requested in her Motion to Restrain Sale. *See* Kowalski's Brief at 27-30, 35-36. He disputes the orphans' court's finding that Ms. Kowalski raised the validity or conscionability of the Property Agreement in her Petition for removal and asserts that the orphans' court's decision deprived him of the opportunity to file a responsive pleading pursuant to Pennsylvania's Orphans' Court Rules. *See id.*

Rule 3.1 of the Pennsylvania's Orphans' Court Rules states that "[m]atters may be raised before the court by written petition filed with the clerk in conformity with these Rules." Pa.O.C.R. 3.1.[4] Rule 3.6 sets forth the permissible pleadings the responding party can file following a petition:

---

[4] We note that Butler County's website states, with respect to its local rules of orphans' court, "[e]ffective September 1, 2016, Butler County has no Local Rules governing [Orphans'] Court practice[,]" and it directs litigants to refer to the Pennsylvania Orphans' Court Rules for guidance. *See* https://www.butlercountypa.gov/330/Orphans-Court (last visited January 21, 2024).

(a) an answer that can include new matter;

(b) a reply, if an answer contains new matter;

(c) preliminary objections to the petition as permitted by Rule 3.9;

(d) an answer to preliminary objections; and

(e) a petition to join one or more persons as parties to the proceeding and an answer thereto.

Pa.O.C.R. 3.6. Rule 3.7 further provides that "[u]nless the court orders otherwise, each interested party identified in the petition … may file a responsive pleading in accordance with these Rules within 20 days of the date of notice or the date of the filing, whichever is later." Pa.O.C.R. 3.7(a).

The record reflects that immediately prior to the status conference on Ms. Kowalski's Petition for Removal, Ms. Kowalski's counsel served Kowalski's counsel with the Motion to Restrain Sale, which Ms. Kowalski filed earlier that same day. *See* Motion to Restrain Sale, 12/26/2023. The Motion to Restrain Sale requested, inter alia, that the orphans' court "restrain" Kowalski from enforcing the Property Agreement and compelling the sale of the Property. Motion to Restrain Sale, 12/26/2023, ¶ 20. Although the orphans' court declared the Motion to Restrain Sale moot, it is clear that the court's December 28, 2023 order granted Ms. Kowalski the exact relief she requested in the Motion to Restrain Sale, which had not otherwise been requested in any prior filing then pending before the orphans' court. *See* Orphans' Court Order, 12/28/2023. The orphans' court took this action despite Ms. Kowalski having filed and served upon Kowalski the Motion to Restrain Sale on the same date

- 10 -

the court had scheduled the status conference on Ms. Kowalski's Petition for Removal, and without affording Kowalski an opportunity to respond to the Motion to Restrain Sale.

As stated above, the rules grant an opposing party twenty days to file a responsive pleading after the filing of a petition. **See** Pa.O.C.R. 3.6, 3.7(a). By granting Ms. Kowalski the relief she requested only two days after she filed and served the Motion to Restrain Sale, the orphans' court deprived Kowalski of any opportunity to defend against those filings as the Pennsylvania Rules of Orphans' Court require. **See id.**

Further compounding its failure to follow the Pennsylvania Orphans' Court Rules, the orphans' court entered its December 28, 2023 order granting the relief Ms. Kowalski requested in the Motion to Restrain Sale following a status conference on a different petition during which it heard no oral argument from the parties, took no evidence, and heard no testimony, and during which Ms. Kowalski stated that she was only seeking at that particular time a scheduling order for discovery. N.T., 12/26/2023, at 5. This further deprived Kowalski of notice and an opportunity to defend against Ms. Kowalski's Motion to Restrain Sale. **See Bundy**, 184 A.3d at 557.[5]

_____

[5] We note that even if the disposition of the Motion to Restrain Sale is governed by the motions practice set forth in the Butler County Local Rules of Civil Procedure, the orphans' court's decision to grant Ms. Kowalski the relief she requested would nevertheless be error. Butler County Local Rule
*(Footnote Continued Next Page)*

As to the orphans' court's determination that Ms. Kowalski sufficiently raised the issue of the Property Agreement in her Petition for Removal, this finding is not supported by the record. To the contrary, the Petition for Removal expressly stated that Ms. Kowalski would seek to invalidate the Property Agreement in a later filing. Petition for Removal, 11/29/2023. ¶ 38. Additionally, with respect to the orphans' court's conclusion that the Property

_____

L208.3(a), which governs motions practice in Butler County, provides, in pertinent part, as follows:

> (5) Required pre-filing notice. Before any motion is filed, the moving party shall serve a copy of the motion, request or application and any proposed order, and a statement of the date and time of the intended presentation, to counsel of record and any unrepresented party at least five days in advance of the presentation. Service may be accomplished personally, by first class mail, or by facsimile transmission. Service shall be made pursuant to Pa.R.C.P. 440.

> (6) Cover Sheet. A cover sheet that may from time to time be adopted by Administrative Order shall be attached to each contested and uncontested motion and every copy of the same that is filed or served (cover sheet attached hereto).

>> (a) Any motion, request or application that is filed without the required certification of notice and service on the cover page may not be substantively acted upon by the court.

Butler Cnty. Local Rule L208.3(a)(5), (6)(a). Ms. Kowalski's Motion to Restrain Sale plainly did not comply with the pre-filing notice requirements, as she filed and served it the same day she presented it to the court, and it did not include the required cover sheet. *See id.*; *see also* Motion to Restrain Sale, 12/26/2023. Thus, even under local rule L208.3(a)(6)(a), the orphans' court could not act on the Motion to Restrain Sale. *See* Butler Cnty. Local Rule L208.3(a)(6)(a).

Agreement was per se unconscionable, while this determination may ultimately prove correct, this finding does not supplant the Pennsylvania Orphans' Court Rules, which expressly affords an opposing party the opportunity to file responsive pleadings. *See* Pa.O.C.R. 3.6, 3.7(a).

Based on the foregoing, we conclude that the orphans' court erred in issuing its December 28, 2023 order to the extent that it granted Ms. Kowalski the relief she requested in her Motion to Restrain Sale, i.e., declaring the Property Agreement null and void. We therefore remand this matter to the orphans' court to allow Kowalski to file a responsive pleading to the Motion to Restrain Sale and for a hearing during which both parties will have the opportunity to present evidence and argument on the merits of the filing.[6] In all other respects, the orphans' court's December 28, 2023 order is affirmed.

Order affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/04/2025

---

[6] Based on our disposition of Kowalski's first issue, we need not decide his second issue.