J-S06032-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF: ELIZABETH V. BOZICEVIC, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: SHARON L. BOZICEVIC | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1223 WDA 2025 |

Appeal from the Order Entered September 29, 2025
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  2084 of 2023

BEFORE:   KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: May 19, 2026**

Sharon L. Bozicevic appeals ***pro se*** from the orphans' court's September 29, 2025 order denying her petitions contesting the testamentary capacity of her mother, Elizabeth  V. Bozicevic ("Decedent"), and the validity of the accounting filed by her brother, Frank A. Bozicevic, the Executor of the Estate of Decedent; overruling Appellant's objections to the account; and confirming and approving the "Petition for Adjudication and First and Final Account," with the amendment that the Executor be reimbursed attorney's fees associated with adjudicating the accounting.  After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[Decedent] died testate on February 15, 2023. On April 3, 2025, Frank A. Bozicevic ("Frank") petitioned for grant of letters testamentary and admit the Decedent's August 3, 2020 Last Will and Testament (the "Will") for probate. Frank was granted letters testamentary and sworn in as Executor of the Estate of [Decedent]. Under the dispositive terms of the Will, the Decedent's real estate at 3693 Northern Pike, Monroeville, Pennsylvania is devised to his son, Frank, and the residue of the Decedent's estate is bequeathed to his children, Frank, [Appellant], Susan E. Wagner, and Denise M. Cartwright, in equal shares *per capita*.

On August 5, 2024, the Appellant, **pro se**, filed a "Petition for Citation Contesting the Will Fraudulent Testamentary." [Appellant] avers she is a ¼ beneficiary of the "entire estate" and that there are missing pieces of jewelry and an automobile from the Estate. [Appellant's] requested relief is ¼ of the "entire estate," including ¼ of certain non-probate assets consisting of two IRAs.

On October 7, 2024, [Appellant] filed a "[Petition to] Compel to Audit," which the Court notes was Pa.R.O.C.P. 2.4 Form OC-01 (Petition for Adjudication/Statement of Proposed Distribution) with the remainder of the Petition being the August 5, 2024 filing. [Appellant's] requested relief was the filing of a formal account of the Estate.

On October 24, 2024, this Court issued Citations on the foregoing Petitions, directed to the Executor of the Estate, Frank.

On October 31, 2024, prior to filing a response and the scheduled conference on the Petitions, Frank filed a Petition for Adjudication and a First and Final Account.

On November 13, 2024, [Appellant] filed forty-three objections to the First and Final Account. These objections included objections to the "omission" of

numerous non-probate assets, including the two Stifel IRA accounts and two life insurance policies.

On December 11, 2024, Frank filed a response to [Appellant's] two Petitions for Citation and the Objections.

On December 16, 2024, the initial conference on the Petitions for citation were held. Contemporaneously, [Appellant] filed a Motion for Continuance the same day. Following the conference, the Court issued orders dismissing the Petition to Compel as moot since the executor had voluntarily filed a formal account, staying the adjudication of the Account, and setting a case management schedule in the Will contest.

On January 17, 2025, counsel entered their appearance on behalf of [Appellant.] On March 13, 2025, [Appellant's] counsel filed a Motion to Extend Discovery and Continue Hearing in light of counsel's recent engagement in this matter. The Motion was granted March 28, 2025 and the hearing was continued to July 30, 2025.

On April 4, 2025, the Appellant's counsel filed a Motion to Compel Appellant's prior counsel in a civil docket to produce [Appellant's] case file. The Motion was presented April 17, 2025 before the Orphans' Court motions judge that day, Judge Michael F. Marmo. Judge Marmo denied the Motion without prejudice.

On May 9, 2025, [Appellant's] counsel filed a Petition for Rule to Show Cause Why [Decedent's] Stifel Accounts Should Not be Frozen During the Pendency of this Litigation and a Motion for Leave to File Amended Petition. This Court granted the Motion but did not continue the scheduled hearing. Judge Marmo issued a Rule to Show cause why the Stifel accounts should not be frozen, setting the deadline for responses and a status conference for July 25, 2025.

On June 13, 2025, Appellant's counsel filed a Motion for Leave to Withdraw as Counsel. Appellant's counsel cited 204 Pa. Code r. 1.16(b)(4) of the Rules of

Professional Conduct relating to action the "lawyer considers repugnant or ... has a fundamental disagreement." This Court granted Appellant's counsel's Motion to Withdraw.

On June 15, 2025, [Appellant], ***pro se***, filed her amended Petition for Citation, pleading four prayers for relief: (1) Decedent's August 2020 Will and June 2021 Stifel beneficiary designation should be void due to lack of capacity and undue influence; (2) transfers from the Estate should be restrained; (3) Frank should file a "First and Partial Account;" and (4) Frank should be removed as executor. A Rule was issued, and Frank filed an Answer thereto on July 25, 2025.

On June 22, 2025, [Appellant] filed a Motion to Compel Rebecca Brammell, Esquire, whom [Appellant] avers is the prior estate planning attorney of the Decedent, to produce the Decedent's case file and documents in compliance with a subpoena. [Appellant] filed a Motion to Withdraw the foregoing Motion on July 7, 2025, as Attorney Brammell had complied with the subpoena in the interim and the Court granted the withdraw.

An evidentiary hearing was held on July 30, 2025. [Appellant] was the only witness to give testimony and two exhibits were admitted by stipulation: (1) the August 2020 probated Will; and (2) an unsigned copy of a prior will of the Decedent.

Following the hearing, the parties filed proposed findings of fact and conclusions of law on September 16th and 17th respectively.

On September 24, 2025, the Court issued the present Order on appeal[.]

Trial court opinion, 11/26/25 at 2-5 (citations and footnotes omitted).

This timely appeal followed on October 2, 2025. On October 6, 2025, the orphans' court directed Appellant to file a concise statement of errors

complained of on appeal, in accordance with Pa.R.A.P. 1925. Appellant filed her Rule 1925(b) statement on October 20, 2025. Thereafter, on November 26, 2025, the Honorable Michael E. McCarthy filed a Rule 1925(a) opinion on behalf of the orphans' court.

Appellant raises the following issues for our review:

1. Whether the [orphans'] court erred by entering a decree without addressing Appellant's [Rule 1925(b)] statement[?]

2. Whether the record was incomplete, including missing PNC Bank Accounts, tax, property, and transcript records[?]

3. Whether inheritance tax filings were incomplete and inaccurate[?]

4. Whether missing Stifel TOD/IRA documents undermine the trial order of court and the decree[?]

5. Whether the percentage distribution is unsupported by evidence[?]

6. Whether the [o]rphans' [c]ourt abused its discretion by approving an accounting despite undisputedly withheld financial records, thereby prejudicing Appellant[?]

7. Whether the trial court violated Pa.R.A.P. 1701 by allowing execution during appeal[?]

Appellant's brief at 7 (extraneous capitalization omitted).

Our standard of review of an orphans' court's decision is well settled:

When an appellant challenges a decree entered by the orphans' court, our standard of review requires that we be deferential to the findings of the orphans' court.

> We must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the orphans' court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*Est. of J.L.C.*, 321 A.3d 999, 1003 (Pa.Super. 2024) (citation and brackets omitted).

Prior to any consideration of the merits of Appellant's appeal, we must first determine whether she has properly preserved her claims for appellate review.

Parties to an appeal are required to submit briefs in conformity, in all material respects, with the requirements of the Rules of Appellate Procedure, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. We will not advocate or act as counsel for an appellant who has not substantially complied with our rules. *Bombar v. W. Am. Ins. Co.*, 932 A.2d 78, 93 (Pa.Super. 2007) (citation omitted).

This Court has long recognized that "[t]he failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa.Super. 2018) (citation, internal quotation marks, and brackets omitted), *appeal denied*, 199 A.3d 340 (Pa. 2018). "[A]rguments which are not appropriately

developed are waived." ***Egan v. USI Mid-Atl., Inc.***, 92 A.3d 1, 17 (Pa.Super. 2014) (citation omitted). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." ***Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.***, 959 A.2d 438, 444 (Pa. Super. 2008) (citation omitted), ***appeal denied***, 972 A.2d 522 (Pa. 2009); ***see also See McEwing v. Lititz Mut. Ins. Co***., 77 A.3d 639, 647 (Pa.Super. 2013) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted).

Here, our review reveals that Appellant's ***pro se*** brief falls well below the standards delineated in our Rules of Appellate Procedure. Significantly, the claims raised in Appellant's brief are woefully underdeveloped and fail to include a single citation to any case law, in violation of Rules 2119(a) and (b). On the contrary, Appellant's eight-page Argument section– entitled "Summary of the Argument" –is comprised of a number of disjointed, conclusory paragraphs devoid of any meaningful discussion and analysis of any legal authority. ***See*** Appellant's brief at 11-18; ***see also*** Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent."). Appellant's brief also fails to include any citation to

the certified record nor the July 30, 2025 evidentiary hearing transcript, in violation of Rules 2119(c).

Based on the foregoing, we find all of Appellant's issues waived. Accordingly, we affirm the orphans' court's September 29, 2025 order.

Order affirmed.

Judge Sullivan joins this memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/19/2026